**NOT RECOMMENDED FOR PUBLICATION**

No. 22-1335

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Aug 23, 2022
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| JAMES LAMONT MILLER, ) | |
| ) | |
| Plaintiff-Appellant, ) | |
| ) | |
| v. ) | ON APPEAL FROM THE UNITED |
| ) | STATES DISTRICT COURT FOR |
| JOHN DAVIDS, Warden, Warden; JOHN ) | THE WESTERN DISTRICT OF |
| CHRISTIANSEN, Warden; MICHAEL W. ) | MICHIGAN |
| CURLEY, Regional Prison Administrator; JAMES ) | |
| R. SCHIEBNER, Deputy Warden; ROBERT ) | |
| VASHAW, Deputy Warden; LYNN SANDBORN, ) | |
| Deputy Warden; GARY MINIARD, Acting Deputy ) | |
| Warden; JERI-ANN SHERRY, Regional Prison ) | |
| Administrator; BRUCE L. CURTIS, Assistant ) | |
| Deputy Director; STEVE RIVARD, Assistant ) | |
| Deputy Director; LLOYD RAPELJE, Assistant ) | |
| Deputy Director; KENNETH T. MCKEE, Deputy ) | |
| Director; TRACEY SHAFER, Deputy Director, in ) | |
| their individual and official capacities, ) | |
| ) | |
| Defendants-Appellees. ) | |
| ) | |

O R D E R

Before: GRIFFIN, NALBANDIAN, and READLER, Circuit Judges.

This matter is before the court upon consideration of a motion filed by the defendants to dismiss the appeal as untimely. Miller has filed a motion seeking an extension of time to file a response.

In 2020, James Lamont Miller filed a civil rights action against 22 defendants connected with the Michigan Department of Corrections. During the next two years, various defendants and claims were dismissed. The remaining 13 defendants moved for summary judgment, which the district court granted. The district court's judgment was entered on February 3, 2022.

Miller filed a motion for relief from judgment under Federal Rule of Civil Procedure 60(b), which the district court construed as a motion for reconsideration, on February 15, 2022—12 days after the entry of judgment. On March 2, 2022—before the district court ruled on his motion for reconsideration—he filed a motion for an extension of time to file a notice of appeal. On March 10, 2022, the district court denied the motion for reconsideration. On March 14, 2022, the court granted in part his motion for an extension of time to file a notice of appeal, allowing Miller 14 days from the date of its order to file his notice of appeal, or until March 28, 2022.

Miller next filed a motion for reconsideration of the district court's denial of his reconsideration motion. The district court denied the second motion for reconsideration on March 23, 2022.

On April 11, 2022, Miller filed his notice of appeal. The notice indicates that he wishes to appeal the district court's orders entered on February 3, March 10, March 14, and March 23, 2022.

The defendants argue that Miller's notice of appeal is untimely as to both the February 3 judgment and the March 10 denial of his motion for reconsideration because the district court granted him an extension to file his notice of appeal until March 28 and he did not file it by that date. The defendants also assert that the subsequent motion for reconsideration did not extend the time to file a notice of appeal and failed to preserve any appealable issues on its own.

Timely filing of a notice of appeal in a civil action is a jurisdictional requirement. *Hamer v. Neighborhood Hous. Servs. of Chi.*, 138 S. Ct. 13, 20 (2017); *Bowles v. Russell*, 551 U.S. 205, 214 (2007). Generally, in a civil case where neither the United States, a United States agency, nor a United States officer or employee is a party, a notice of appeal must be filed within 30 days after the judgment or order appealed from is entered. 28 U.S.C. § 2107(a); Fed. R. App. P. 4(a)(1)(A). But if a party timely files a motion under Federal Rule of Civil Procedure 59 or 60 within 28 days after the judgment, then the time to file a notice of appeal from the underlying judgment begins

when the district court enters an order disposing of the motion. Fed. R. App. P. 4(a)(4)(A)(iv), (vi); Fed. R. Civ. P. 59(e), 60.

Here, Miller filed a Rule 60 motion within 28 days of the district court's judgment. Miller's timely motion tolled the running of the 30-day appeal deadline until entry of the order disposing of that motion. *See* Fed. R. App. P. 4(a)(4)(A)(vi). Despite any ruling by the district court limiting Miller's time to appeal to March 28, 2022, a new 30-day period began on March 10, 2022, when the district court entered an order denying Miller's motion for reconsideration. That period expired on April 9, 2022. However, because April 9, 2022, was a Saturday, the period was extended to the first non-weekend day, which was April 11, 2022. *See* Fed. R. App. P. 26(a)(1)(C). Miller therefore had until April 11, 2022, to file a notice of appeal challenging the February 3, 2022, judgment or the March 10, 2022, order denying reconsideration. *See* 28 U.S.C. § 2107(a); Fed. R. App. P. 4(a)(1)(A), 4(a)(4)(A)(vi). Miller's notice of appeal contains a declaration that it was given to prison authorities for mailing on April 11, 2022. *See* Fed. R. App. P. 4(c)(1)(A)(ii). As a result, Miller's notice of appeal is considered timely filed as to the district court's February 3, 2022, judgment and March 10, 2022, order denying reconsideration. Fed. R. App. P. 4(a)(4)(B)(ii); *cf. Cretacci v. Call*, 988 F.3d 860, 870–73 (6th Cir. 2021) (Readler, J., concurring) (warning against judicial expansion of the prison mailbox rule). Moreover, because Miller's notice of appeal indicates that he also wishes to appeal the district court's orders of March 14 and March 23 and the notice of appeal is timely as to those orders, thus this court has jurisdiction to review those decisions. *See* Fed. R. App. P. 3(c)(1).

The defendants' argument that Miller's second motion for reconsideration did not preserve any appealable issues is an argument for affirmance, not dismissal. And this court prohibits motions to affirm. *See* 6 Cir. R. 27(e).

We have jurisdiction to consider the district court's February 3, 2022, judgment, as well as the orders of March 10, March 14, and March 23 denying Miller's post-judgment motions. Accordingly, the motion to dismiss is **DENIED**. Miller's motion for an extension of time to file a response is **DENIED AS MOOT**.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk